No. 21-2655

In the
UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

In re RAYMOND HALL, et al,

    Petitioners.

Appeal from the United States District Court
Eastern District of Michigan, Southern Division
Honorable Judith E. Levy

# STATE DEFENDANTS' RESPONSE IN OPPOSITION TO PETITION FOR WRIT OF MANDAMUS

Margaret A. Bettenhausen
(P75046)
Assistant Attorney General
Environment, Natural
Resources, and Agriculture
Division
Attorney for State Defendants
P.O. Box 30755
Lansing, MI 48909
(517) 335-7664
bettenhausenm@michigan.gov

Dated: July 1, 2021

# TABLE OF CONTENTS

Page

Table of Authorities ............................................................................... ii

Introduction ............................................................................................ 1

Legal Standard ....................................................................................... 3

Argument ................................................................................................ 4

I. The petition should be denied because Petitioners have other available avenues of relief. .......................................................... 4

II. The petition should be denied because there is no clear and indisputable right to attend the in-chambers meetings. ................ 6

Conclusion and Relief Requested ......................................................... 15

Certificate of Compliance ..................................................................... 16

Certificate of Service ............................................................................ 17

# TABLE OF AUTHORITIES

Page

**Cases**

*Cheney v. U.S. Dist. Ct. for D.C.*,
  542 U.S. 367 (2004) ................................................................................ 4, 6

*Devlin v. Scardelletti*,
  536 U.S. 1 (2002) ......................................................................................14

*Dietz v. Bouldin*,
  136 S. Ct. 1885 (2016) ................................................................................7

*Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*,
  332 F.3d 976 (6th Cir. 2003) ......................................................................8

*In re Univ. of Michigan*,
  936 F.3d 460 (6th Cir. 2019) ................................................................ 8, 11

*Kerr v. United States District Court*,
  426 U.S. 394 (1976) ............................................................................... 3, 4

*Will v. Calvert Fire Ins. Co.*,
  437 U.S. 655 (1978) ............................................................................ 3, 4, 5

**Other Authorities**

Black's Law Dictionary (11th ed. 2019) .......................................................9

**Rules**

Fed. R. Civ. P. 23(e) .....................................................................................5

Fed. R. Civ. P. 77(b) ................................................................................ 8, 9

## INTRODUCTION

The core relief that Petitioners seek is that they be allowed to attend future in-chambers settlement meetings held by the district court. Though State Defendants have no objection to Petitioners, or anyone else, attending in-chambers meetings, attendance should be subject to the district court's discretion to manage its own affairs and keep meetings from getting unwieldy. Nothing in the pending petition justifies asking this Court to interfere with the district court's day-to-day operations in presiding over a monumental settlement effort. Indeed, this Court has instructed that such settlement-related conferences be held in private, and for good reason. Parties need to be able to speak freely. Moreover, allowing mandamus here would make it nearly impossible for complex cases to make it through the district court without active participation by this Court. The petition should be denied for two main reasons.

*First,* Petitioners' request that this Court use a writ of mandamus to short-circuit the other avenues of relief available to the Petitioners is as extraordinary as it is unwarranted. Petitioners have other adequate avenues of relief available to them. The district court has already

noticed Petitioners' objections to be heard during the upcoming final fairness and approval hearing. Petitioners can and should then and there present everything substantive that they raise in their petition concerning attorneys' fees or bone scans. Nothing has yet been decided by the district court concerning Petitioners' objections. If Petitioners do not agree with the outcome of that hearing, they can appeal in the normal course.

*Second*, Petitioners have not shown a clear and indisputable right to attend the in-chambers meetings. District courts have broad authority to manage their dockets and courtrooms, including using in-chambers, off-the-record conferences to address issues that arise during litigation. It is particularly appropriate for a court to use private, in-chambers meetings to discuss settlement-related issues like the one at issue here. That issue was whether Co-Lead Class Counsel Mr. Pitt wished to continue pursuing the settlement (that he had agreed to and signed onto after lengthy negotiations) or whether he would pursue another avenue. The issue arose because Co-Lead Class Counsel Mr. Pitt had taken several actions that seemed to conflict with his duties as Co-Lead Class Counsel for the settlement. The district court, the

settling Defendants, and the other group of settling Plaintiffs lead by Co-Liaison Counsel all needed to know where Mr. Pitt stood on settlement. There was nothing improper about the district court using an in-chambers meeting to determine whether one of the lead class attorneys was abandoning his post. Moreover, nothing at all from the two meetings on that topic has affected Petitioners' still pending objections to the settlement, which will be addressed at the upcoming hearing in the district court. Additionally, Petitioners' attempt to characterize the in-chambers meetings as *ex parte* is wrong. Opposing counsel for the issue involved (Mr. Pitt's intentions regarding his role as Co-Lead Class Counsel) were present—the settling Plaintiffs and the settling Defendants. The petition should be denied.

## LEGAL STANDARD

A writ of mandamus is a drastic remedy that is issued only in extraordinary situations where the petitioner can show a clear and indisputable right to the relief sought. *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 662 (1978); *Kerr v. United States District Court*, 426 U.S. 394, 403 (1976). Only a demonstration of a clear abuse of discretion or conduct amounting to usurpation of judicial power justifies granting

such a writ. *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004) (citation omitted). Because it is one of "the most potent weapons in the judicial arsenal," *Will,* 389 U.S. at 107, three conditions must be satisfied before the writ may issue, *Kerr,* 426 U.S. at 403.

First, the petitioner seeking the writ must "have no other adequate means to attain the relief desired," which ensures that the writ is not used as a substitute for the appeals process. *Cheney,* 542 U.S. at 381–382 (citation omitted). Second, the petitioner must satisfy the burden of showing that the right to issue the writ is "clear and indisputable." *Id.* at 382. Third, even if the first two conditions have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances. *Id.*

## ARGUMENT

I.  **The petition should be denied because Petitioners have other available avenues of relief.**

Petitioners fail to clear even the first hurdle. A party seeking to obtain a writ of mandamus must show that it has no other adequate means to attain relief. This Court should deny the petition because

Petitioners have adequate means to have their objections heard, including the right to appeal.

Petitioners ask to attend in-chambers meetings (and have the settling parties provide a play-by-play of previous in-chambers meetings) so that they have the opportunity to be heard on their objections. But they already have the opportunity to be heard through other means. The objections that they have filed with the district court were made pursuant to procedures set forth in the proposed settlement agreement and Fed. R. Civ. P. 23(e). (Proposed Amended Settlement Agreement, R. 1391-1, Page ID #40392–93.) The district court has devoted a considerable amount of time during the upcoming final fairness and approval hearing for objectors, including Petitioners, to present their arguments to the district court, on the record. (R. 1814, Page ID #64772–64775.)

Likewise, the writ of mandamus is not a substitute for appeal. *Will,* 389 U.S. at 97. As noted in their petition, the issues raised by Petitioners' objections are limited to attorneys' fees[1] and the propriety

---

[1] It should also be noted that the Hall Petitioners have only objected to the attorneys' fees. The petition does not indicate that the issues discussed at the in-chambers meetings were directly related to the

5

of using bone scans to determine a particular claimant's amount of recovery. Petition at 9. Nothing has been decided on these issues. Beyond having the chance to air their objections, as scheduled, at the final fairness and approval hearing, Petitioners can also exercise their right to appeal if they do not agree with the results of that final fairness and approval hearing.

There is no reason for this Court to issue the drastic remedy of a writ where the district court is already effectively providing the requested relief and Petitioners still have the option to appeal.

## II. The petition should be denied because there is no clear and indisputable right to attend the in-chambers meetings.

Because Petitioners fail to meet the first condition necessary to issue a writ, it is unnecessary to address the second two. Nonetheless, Petitioners' request should also be denied because they fail to show a "clear and indisputable" error constituting a "usurpation of power" in the district court's holding of in-chambers meetings with counsel for the settling parties. *Cheney*, 542 U.S. at 381–382. That is, Petitioners have

---

motion for attorneys' fees. Thus, it is unclear why the Hall Petitioners have moved to attend the in-chambers meetings or what they seek to gain from requesting a writ of mandamus.

6

not demonstrated that the district court lacked authority to address settlement-related issues in-chambers or that the meetings constituted in any way *ex parte* settlement conferences.

It is well-established that "district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016) (collecting cases). District courts can exercise that inherent power to an extent reasonable to respond to the problems and needs confronting the court's fair administration of justice. *Id.* (citation omitted).

Beyond the court's inherent powers to manage their docket to efficiently address the myriad of issues that arise during litigation, the Federal Rules of Civil Procedure also provide the district court wide latitude to convene in-chambers meetings:

> Every trial on the merits must be conducted in open court and, so far as convenient, in a regular courtroom. *Any other act or proceeding may be done or conducted by a judge in chambers*, without the attendance of the clerk or other court official, and anywhere inside or outside the district. But no hearing—other than one ex parte—may be conducted outside the district unless all the affected parties' consent.

Fed. R. Civ. P. 77(b) (emphasis added). The upshot is that unless the court is conducting a trial on the merits, the court is at liberty to conduct its business in-chambers.

Furthermore, this Circuit has recognized the importance of conducting settlement-related conferences in-chambers and off-the-record. *In re Univ. of Michigan*, 936 F.3d 460, 465 (6th Cir. 2019) (citing *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 980 (6th Cir. 2003) (recognizing that a settlement conference will only be productive where parties "feel uninhibited in their communications")). What this Circuit has been reluctant to do is force opposing parties to have those same settlement conferences in public. *Id.* (recognizing that facilitating settlement requires private conferences that are closed to the media and the public).

Finally, as the district court noted, neither this Circuit, the Michigan Rules of Professional Conduct, nor the Code of Conduct for United States Judges define "*ex parte* communication." Black's Law Dictionary, however, provides a straightforward definition: "[a] communication between counsel and the court when opposing counsel is

not present. Such communications are ordinarily prohibited." Black's Law Dictionary (11th ed. 2019).

Here, Petitioners fail to show a "clear and indisputable" right to have the in-chambers settlement meetings conducted on-the-record, in open court. Under Fed. R. Civ. P. 77(b), everything short of a trial can be done in-chambers. Petitioners do not assert that the district court conducted a trial in-chambers. To the contrary, Petitioners acknowledge that the in-chambers meetings focused on Co-Lead Class Counsel's (Mr. Pitt and Mr. Leopold) motion to suspend the use of portable XRF bone scanning. And the meetings were not even to adjudicate the merits of that motion (which again, under the rules, would have been proper in any event), but to discuss its broader relationship to and implications for Co-Lead Class Counsel's role with the settlement going forward.

Co-Lead Class Counsel Mr. Pitt had been appointed by the district court to represent the putative class. In that lead role, Mr. Pitt had agreed to and signed onto a settlement agreement after many, many months of arms' length negotiations. Being fully informed of the terms of that settlement agreement—including the use of the portable bone

9

scanner—Mr. Pitt filed a motion that seemingly contradicted his obligation to support that settlement agreement. Mr. Pitt had also engaged in other conduct violating the district court's order concerning a deposition transcript which further called into question his ability to continue in his role as Co-Lead Class Counsel supporting the settlement.

The issues at the two off-the-record meetings and the two letters from Mr. Pitt are the direct result of Mr. Pitt taking actions that called into question his support for the settlement with the other settling parties, who were in these meetings and who received his two letters. The district court had two contradictory positions and sets of actions from Mr. Pitt, and the court and the other settling parties needed clarification from him. Mr. Pitt stated that he was firmly committed to the settlement. The district court asked him to document that commitment so there would be no doubt. Mr. Pitt wrote a letter that still left some doubt, so the district court asked for a second letter that removed any doubt. The letters were provided to all settling parties, which is the group that was relevant to and adversarial on the issue of Mr. Pitt's commitment to the settlement. The letters became part of the

court record. That the district court sought to determine Mr. Pitt's intention on how he wanted to proceed in a private, in-chambers conference is reasonable and appropriate. The district court needs to determine if new lead class counsel needs to be appointed. This Court's opinion in *In re Univ. of Michigan*, 936 F.3d at 465, instructs that this is *exactly* the type of sensitive settlement-related discussions that should be held in private so that the parties are "uninhibited in their communications."[2]

Mr. Pitt has made a filing in the district court (R. 1864) that attempts to contradict what is in the record, and to portray his actions of wrongly sharing a transcript in violation of the court's order in a way that gives him some after-the-fact plausible excuse for having done so. His actions, however, can easily be viewed, and in reality are more properly viewed, as purposely providing the transcript to attorneys who would try to use it to attack the very settlement that Mr. Pitt negotiated and signed. The district court (and likely all of the other settling parties) viewed Mr. Pitt's actions in that way. Co-Lead Class

---

[2] State Defendants agree with this Court regarding the importance of privacy in settlement-related discussion; however, Mr. Pitt's own subsequent conduct has now made it an issue of public record.

11

Counsel (Mr. Pitt and Mr. Leopold) having filed a motion challenging the use of bone scans also caused the district court to seriously question their commitment to the settlement that they themselves negotiated, signed, and are supposed to be supporting.

Not surprisingly, the district court inquired from Mr. Pitt what exactly his intentions were with respect to the settlement. He could not both be a proponent of the settlement that he signed and also be attacking it, or helping others attack it, which is what it appeared he was doing. The choice of either supporting the settlement or leaving his position as Co-Lead Class Counsel so he could attack it was one created by his own actions, not anything the district court did. The district court and the other settling parties needed to know whether Mr. Pitt was for the settlement or against it.

Mr. Pitt's tangent about his efforts to make bone scans accessible to everyone is a deflection from the above actions he has taken, which are easily viewed as being contrary to the settlement. Mr. Pitt has known for more than a year that optional bone scans would be part of the proposed settlement process. That he has done too little, too late to have made this available is no excuse for his conduct calling into serious

12

question his support for the settlement. The district court's actions in seeking clarity on that support are entirely proper.

Petitioners' contention that the in-chambers meetings that the Court held on March 1, 2020[3] and May 3, 2020 were *ex parte* conferences is without merit. As is common in complex litigation, the district court has appointed Plaintiffs' counsel—Co-Lead Class Counsel and Co-Liaison Counsel for the Individual Plaintiffs—as lead counsel for the many, many lawyers and law firms representing Plaintiffs in this matter. As noted, Co-Lead Class Counsel, Co-Liaison Counsel and counsel for the State Defendants were all present at the in-chambers meetings. Thus, the in-chambers meetings were conducted in the presence of opposing counsel. That the Court opted to meet with the court-appointed lead class and liaison counsel, throughout this litigation and as part of the partial settlement process, does not convert

---

[3] Notably, counsel for the Hall Petitioners, Mr. Bednarz, did not even appear in the case until March 29, 2021. (R. 1481, Page ID #57861). Likewise, Mr. Cuker, counsel for the Chapman Plaintiffs did not file their objections until March 29, 2021. (R. 1534, 1536, 1537, 1538.) Thus, at the time of the March 1, 2021 in-chambers meetings, these Plaintiffs were not even objectors.

13

otherwise proper communications with the parties into *ex parte* communications.

That the Petitioners have filed objections to the settlement agreement does not change that result. If that were true, then the district court would have to allow the hundreds of represented and pro se objectors to attend all of the in-chambers meetings. That would defeat the purpose of the district court's authority to conduct in-chambers meetings and to conduct its business in an efficient manner. Moreover, it is not until "the named parties reach a settlement that is approved over petitioner's objections" that "petitioner's interests by definition diverge from those of the class representative." *Devlin v. Scardelletti*, 536 U.S. 1, 9 (2002). Thus, the presence of leadership counsel for the Plaintiffs and Defendants further debunks any claim that the in-chambers meetings were *ex parte*.

The petition should be denied because Petitioners have failed to show a clear and indisputable right to attend in-chambers settlement conferences, and nothing supports the conclusion those conferences were conducted *ex parte*.

## CONCLUSION AND RELIEF REQUESTED

Petitioners' request for the extraordinary remedy of a writ of mandamus should be denied because there are other adequate avenues to obtaining the requested relief. In addition, there is no clear and indisputable right to attend in-chambers meetings where opposing leadership counsel is already present and where sensitive matters related to the proposed settlement are being addressed.

Respectfully submitted,

/s/*Margaret A. Bettenhausen*
Margaret A. Bettenhausen
(P75046)
Assistant Attorney General
Environment, Natural
Resources, and Agriculture
Division
Attorney for State Defendants
P.O. Box 30755
Lansing, MI 48909
(517) 335-7664
bettenhausenm@michigan.gov

Dated: July 1, 2021

## CERTIFICATE OF COMPLIANCE

Certificate of Compliance with Type-Volume Limit,
Typeface Requirements, and Type Style Requirements

1.     This reply brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B)(ii) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this reply brief contains no more than 6,500 words. This document contains 2,826 words.

2.     This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Word 2013 in 14-point Century Schoolbook.

*/s/Margaret A. Bettenhausen*
Margaret A. Bettenhausen
(P75046)
Assistant Attorney General
Environment, Natural
Resources, and Agriculture
Division
Attorney for State Defendants
P.O. Box 30755
Lansing, MI 48909
(517) 335-7664
bettenhausenm@michigan.gov

## CERTIFICATE OF SERVICE

I certify that on July 1, 2021, the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by placing a true and correct copy in the United States mail, postage prepaid, to their address of record.

*/s/Margaret A. Bettenhausen*
Margaret A. Bettenhausen
(P75046)
Assistant Attorney General
Environment, Natural
Resources, and Agriculture
Division
Attorney for State Defendants
P.O. Box 30755
Lansing, MI 48909
(517) 335-7664
bettenhausenm@michigan.gov

S:\CEPB3\ENRA_FlintWater\US-COA-Waid (Carthan) (21-2655 - AG# 2016-0131314-E)\Pleadings\Final (Word Versions)\State Defendants' Response in Opposition to Petition for Writ of Mandamus 2021-07-01.docx