IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

No. 21-2655

In re RAYMOND HALL, *et al.*

*Petitioners/Objectors*

From the United States District Court
For the Eastern District of Michigan,
No. 5:16-cv-10444-JEL-MKM
Hon. Judith E. Levy

**Motion for Leave to File Reply Brief in
Support of Petition for Writ of Mandamus**

Valdemar L. Washington
WASHINGTON LEGAL
PO Box 187
Flint, MI 48501-0187
(810) 407-6868
Val@VLWLegal.com
*Attorneys for Petitioner*
    *Dr. Lawrence A. Reynolds*


Mark R. Cuker
CUKER LAW FIRM, LLC
One Logan Square, Suite 1200
Philadelphia, PA 19103
(215) 531-8512
mark@cukerlaw.com
*Attorneys for Petitioner Chapman Plaintiffs*

Adam E. Schulman
M. Frank Bednarz
HAMILTON LINCOLN LAW INSTITUTE
CENTER FOR CLASS ACTION FAIRNESS
1629 K Street NW, Suite 300
Washington, DC 20006
(610) 457-0856
adam.schulman@hlli.org
*Attorneys for Petitioners Raymond Hall,*
    *Robert Hempel, and Ashley Jankowiak*

## Argument

The petitioners hereby move for leave to file a reply brief in support of their mandamus petition.[1]

Courts of Appeals regularly grant leave to file reply briefs in support of mandamus petitions. *See, e.g.*, *In re Univ. of Mich.*, 936 F.3d 460, 460 (6th Cir. 2019) (noting reply in support of petition for writ); *EEOC v. K-Mart Corp.*, 694 F.2d 1055, 1060 (6th Cir. 1982) (same); *In re Al-Nashiri*, 921 F.3d 224, 227 (D.C. Cir. 2019) (same); *Hall v. White, Getgey, Meyer Co., LPA*, 465 F.3d 587, 591 (5th Cir. 2006) (same). A short reply (of 3271 words) is justified here, given the importance of the legal issues at stake and the need to respond to the legal and factual representations contained in the multiple responses filed in opposition, and in a Wednesday district court declaration filed by co-lead counsel Michael Pitt.

Thus, the Petitioners respectfully request leave to file their proposed reply. Consistent with ordinary practice, the proposed reply is attached here as Exhibit A. *See, e.g.*, *In re Rambus Inc.*, 115 F. App'x 439, 440 (Fed. Cir. 2004) (granting leave to file attached reply brief in support of mandamus petition).

---

[1] Neither the Federal Rules of Appellate Procedure nor the Local Rules expressly contemplate reply briefs in the mandamus context, so Petitioners move for leave to file one. *See* Fed. R. App. P. 21(b); *cf. Wright & Murray Guard, Inc.*, 455 F.3d 702, 714 (6th Cir. 2006) (noting that "[a]lthough the Federal Rules of Civil Procedure do not specifically authorize the filing of reply briefs, they likewise do not prohibit it").

Dated:  July 2, 2021                     Respectfully submitted,


*/s/  Adam E. Schulman*

Adam E. Schulman
HAMILTON LINCOLN LAW INSTITUTE
CENTER FOR CLASS ACTION FAIRNESS
1629 K Street NW, Suite 300
Washington, DC 20006
Telephone:  (610) 457-0856
Email:  adam.schulman@hlli.org

M. Frank Bednarz
HAMILTON LINCOLN LAW INSTITUTE
CENTER FOR CLASS ACTION FAIRNESS
1145 E. Hyde Park Blvd. Unit 3A
Chicago, IL 60615
Telephone:  (801) 706-2690
Email:  frank.bednarz@hlli.org

*Attorneys for Petitioners Raymond Hall,*
*Robert Hempel and Ashley Jankowiak*

Valdemar L. Washington
Washington Legal
PO Box 187
Flint, MI 48501-0187
(810) 407-6868
Val@VLWLegal.com

*Attorneys for Petitioner Dr. Lawrence A. Reynolds*

Mark R. Cuker
Cuker Law Firm, LLC
One Logan Square, Suite 1200
Philadelphia, PA 19103
(215) 531-8512
mark@cukerlaw.com

*Attorneys for Petitioner Chapman Plaintiffs*

## Certificate of Service

I hereby certify that on July 2, 2021 I electronically filed the foregoing motion with the Clerk of the United States Court of Appeals for the Sixth Circuit using the CM/ECF system.

Executed on July 2, 2021.

/s/ Adam E. Schulman
Adam E. Schulman

## Certificate of Compliance with Filing Rules

This motion contains 263 words, as counted by Microsoft Word 2019.

This motion complies with the typeface requirements of Fed. R. App. 32(a)(5) and the type style requirements of Fed. R. App. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2019 in 14-point Garamond font.

Executed on July 2, 2021.

/s/ Adam E. Schulman
Adam E. Schulman

# Exhibit A

IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

No. 21-2655

In re RAYMOND HALL, *et al.*

*Petitioners/Objectors*

From the United States District Court
For the Eastern District of Michigan,
No. 5:16-cv-10444-JEL-MKM
Hon. Judith E. Levy

## [Proposed] Reply in Support of the Petition for Writ of Mandamus

Valdemar L. Washington
WASHINGTON LEGAL
PO Box 187
Flint, MI 48501-0187
(810) 407-6868
Val@VLWLegal.com
*Attorneys for Petitioner*
    *Dr. Lawrence A. Reynolds*

Mark R. Cuker
CUKER LAW FIRM, LLC
One Logan Square, Suite 1200
Philadelphia, PA 19103
(215) 531-8512
mark@cukerlaw.com
*Attorneys for Petitioner Chapman Plaintiffs*

Adam E. Schulman
M. Frank Bednarz
HAMILTON LINCOLN LAW INSTITUTE
CENTER FOR CLASS ACTION FAIRNESS
1629 K Street NW, Suite 300
Washington, DC 20006
(703) 203-3848
adam.schulman@hlli.org
*Attorneys for Petitioners Raymond Hall,*
    *Robert Hempel, and Ashley Jankowiak*

# Table of Contents

Argument ...................................................................................................... 1

Certificate of Service .................................................................................. 4

Certificate of Compliance with Filing Rules ........................................... 4

Table of Contents ......................................................................................... i

Table of Authorities .................................................................................... ii

Argument ...................................................................................................... 1

    I.     New testimony by Michael Pitt confirms the need for the writ. ............... 2

    II.    District courts lack authority to hold *ex parte* meetings to discuss substantive matters. ......................................................................... 6

    III.   District courts lack authority to direct the litigation strategy of parties. ................................................................................................ 9

    IV.   Only through writ of mandamus can petitioners obtain relief. ............... 10

    V.    Issuance of the writ serves the rule of law and Rule 23. .......................... 11

Conclusion ................................................................................................... 13

Certificate of Compliance with Filing Rules ......................................... 15

Certificate of Service ................................................................................ 16

# Table of Authorities

<u>Cases</u>

*Ackerman v. Department of Agriculture,*
    995 F.3d 528 (6th Cir. 2021) ...............................................................................9-10

*Boulger v. Woods,*
    917 F.3d 471 (6th Cir. 2019) .................................................................................. 9

*In re Cmty. Bank of N. Va. & Guar. Nat'l Bank of Tallahassee Second Mortg. Litig.,*
    418 F.3d 277 (3d Cir. 2005) ............................................................................... 6, 8

*Day v. Persels & Associates, LLC,*
    729 F.3d 1309 (11th Cir. 2013) ............................................................................ 7

*Devlin v. Scardelletti,*
    536 U.S. 1 (2002) ..................................................................................6, 7, 11, 12

*In re Dry Max Pampers Litig.,*
    724 F.3d 713 (6th Cir. 2013) ........................................................................6-7, 11

*In re GM Trucks,*
    55 F.3d 768 (3d Cir. 1995) ................................................................................... 7

*In re Nat'l Prescription Opiate Litig.,*
    2019 WL 7482137 (6th Cir. Oct. 10, 2019) ........................................................ 12

*In re Nat'l Prescription Opiate Litig.,*
    956 F.3d 838 (6th Cir. 2020) ..........................................................................12-13

*P.A.C.E. v. Sch. Dist. of Kan. City,*
    312 F.3d 341 (8th Cir. 2002) ............................................................................7-8

*Pearson v. Target Corp.,*
    893 F.3d 980 (7th Cir. 2018) ................................................................................ 7

*Pearson v. Target Corp.,*
    968 F.3d 827 (7th Cir. 2020) .............................................................................. 12

*Riffey v. Rauner,*
    873 F.3d 558 (7th Cir. 2017),
    *vacated on other grounds* 138 S. Ct. 2708 (2018) ....................................................10-11

*Shane Group, Inc. v. Blue Cross Blue Shield*,
    825 F.3d 299 (6th Cir. 2016) ............................................................ 7

*Slade v Progressive Sec. Ins. Co.*,
    856 F.3d 408 (5th Cir. 2017) ........................................................... 10

*In re Southwest Airlines Drink Voucher Litig.*,
    799 F.3d 701 (7th Cir. 2015) ............................................................. 9


Rules and Statutes

28 U.S.C. § 636(c) .................................................................................. 8

Code of Conduct for U.S. Judges, Canon 3A(4) ........................................ 9, 11

Fed. R. Civ. P. 23(c)(2)(B)(iv) ................................................................ 5

Fed. R. Civ. P. 23(e) .............................................................................. 6

Fed. R. Civ. P. 23(e)(5)(B) ................................................................... 12

Fed. R. Civ. P. 23(h) .............................................................................. 6

Fed. R. Civ. P. 77(b) .............................................................................. 8


Other Authorities

BLACK'S LAW DICTIONARY (11th ed. 2019), "Appearance" ........................... 6

Brandeis, Louis,
    OTHER PEOPLE'S MONEY 62 (1933) ..................................................... 5

Egan, Paul,
    *Lawyer disputes judge's account of off-the-record sessions in Flint civil case*,
    DETROIT FREE PRESS (Jul. 1, 2021),
    https://www.freep.com/story/news/local/michigan/flint-water-
    crisis/2021/07/01/dispute-heats-up-over-off-record-meetings-flint-
    water-lawsuit/7820563002/ ............................................................... 3

Federal Trade Commission, CONSUMERS AND CLASS ACTIONS: A
  RETROSPECTIVE AND ANALYSIS OF SETTLEMENT CAMPAIGNS, *available at*
  https://www.ftc.gov/system/files/documents/reports/consumers-
  class-actions-retrospective-analysis-settlement-
  campaigns/class_action_fairness_report_0.pdf (Sept. 2019) ........................ 11-12

Rose, Amanda, *Cutting Class Action Agency Costs: Lessons from the Public Company*,
  54 U.C. DAVIS L. REV. 337, 386 (2020) ................................................................. 11

Wolfman, Brian,
  *Judges! Stop Deferring to Class Action Lawyers*,
  2 U. MICH. J. L. REFORM 80 (2013) ......................................................................... 6

## Argument

Petitioners and their counsel have never sought a writ of mandamus before in any court. They do not do so lightly now. Petitioners' counsel have collectively participated in over one hundred class action settlements representing objectors and have been excluded from more off-the-record proceedings in this case than all the others put together. Never before have petitioners' counsel seen or heard of proceedings where a court intimidates class counsel to drop colorable motions in off-the-record hearings, let alone motions seeking to protect the class. The respondents cite no such case, nor any precedent where a court in off-the-record conferences twice ordered attorneys to draft letters to be used as evidence against excluded objectors.

Thus, the parade of horribles—the "slippery slope"—offered by several respondents is fiction. Most federal courts hold public hearings concerning substantive issues in class action settlements, period. It doesn't take a football stadium to contain objectors, which never constitute more than a miniscule portion of any settlement class, it just takes a court reporter, and it occurs every day in courts across the country.

The troubling slippery slope occurs if these extraordinary proceedings are endorsed and become normal. If courts can hold secret hearings to cajole class counsel with unwritten orders, the procedural protections and public perception of class action settlements would be eviscerated.

Petitioners cannot raise this problem through direct appeal because the district court hindered their ability to make the record they need for appeal "with prejudice." Mandamus should issue to ensure petitioners can vindicate their rights.

## I.    New testimony by Michael Pitt confirms the need for the writ.

The Michael Pitt response cites the declaration he filed in the district court Wednesday, which largely "accord[s] with the statement of facts contained in the Petition concerning off-the-record proceedings." Pitt Resp. 1; *contra* Liaison Resp. 14 ("all parties…have denied" petitioners' description").[1] Pitt's declaration confirms that Class Counsel supported the motion to suspend bone testing pending determinations on "regulatory approval, safety and equal accessibility of the bone scans to the class as a whole." RE 1864-1, PageID #66123.

Pitt also confirms that the district court issued an ultimatum for Class Counsel to either abandon the motion, or relinquish their positions. "[T]he Court stated on March 1, 2021 … if I elected to pursue the Motion I would have to withdraw as Class Counsel." *Id*, PageID #66124. Unknown to the objectors, and contrary to the district court's order, which claimed "Pitt indicated that he would withdraw…the motion" at the hearing (Pet. Ex. A at 9), Pitt sat bedside in a hospital with his wife, who was facing a "high-risk medical procedure" so he was "not in a position to speak." RE 1864-1, PageID #66124. Having received the ultimatum, Pitt concluded that the clients he had served since 2015 would be best served by his continued work on the case. *Id.*

Michigan defendants apply a remarkable euphemism for this dilemma whether to abandon ones clients: to either "continue pursuing the settlement … or … pursue another avenue." Michigan Resp. 2. But even if such a *sua sponte* ultimatum were

---

[1] Petitioners cite responses to their Petition ("Pet.") as "Liaison Resp." (Doc. 14), "District Court Resp." (Doc. 17), "Class Plaintiffs' Resp." (Doc. 18), "Michigan Resp." (Doc. 19) and "Pitt Resp." (Doc. 20).

appropriate, it could not rationalize the district court's orders to provide letters "directed to the Court for review and approval." RE 1864-1, PageID #66125 (*contra* Pet. Ex. E at 47). Contrary to Michigan's gloss, Pitt's positions were not facially "contradictory." Mich. Resp. 2. The May hearings were not "focused on… [the long-withdrawn] motion to suspend the use of portable XRF bone scanning." *Id.* at 9.

Moreover, settlement is not a suicide pact. It does not lay waste to ethical duties. Unlike defendants, class counsel has a duty to advocate for all class members' interests, and Pitt justifies his actions under the Settlement. RE 1864-1, PageID #66125. Signatories to the Settlement need only support its provisions "as appropriate" (Settlement, PageID #54192), which means considering newly raised facts and issues concerning class members' well-being, like those flagged by Petitioner Reynolds. Michigan's unsworn interpretation of Pitt's actions provides no reason for the district court to step into the shoes of advocate and advance a controverted interpretation of the Settlement. *See* Pet. 24-26.

Even more troubling, Pitt reveals that an *additional* off-the-record conference occurred May 10, 2021. At this hearing, the district court "ordered twice" for Pitt to revise his May 5 letter, finding it "insufficient." RE 1864-1, PageID #66125. Prior to Pitt's filing, there was "no mention of the May 10 meeting on the court docket." Paul Egan, *Lawyer disputes judge's account of off-the-record sessions in Flint civil case*, Detroit Free

PRESS (Jul. 1, 2021).[2] Whereas a minute entry documented the May 3 conference on May 4, no such minute entry documented the May 10 conference—perhaps because Hall objectors filed their motion on that same day, May 10. RE 1736. When attorney Bednarz speculated at the May 26 status conference that the circumstances of two letters "suggest additional *ex parte* communications," the District Court responded categorically: "No, they don't." Pet. Ex. E. at 45.

Pitt also discloses the existence of yet another *ex parte* letter "sent to the Court" on March 19—also previously absent from the public record—which outlines "four concerns" about the monopolization of bone scans by Liaison Counsel; access, safety, equity and inclusion, and . requested a hearing to discuss them. . RE 1864-1, PageID #66130. These concerns mirrored the objections of Chapman Plaintiff Petitioners, but the letter was never docketed and its concerns remain unaddressed. . *Id*; *compare* RE 1494 *with* 1549, PageID #60371 ("This hearing will not address bone scans.").

Liaison Counsel argues that Pitt's motion to reconsider makes relief unnecessary. Liaison Resp. 14-15 n.9. To the contrary, Pitt observes that substantive findings are based on off-the-record proceedings, which afforded no party "any opportunity to respond on the record." RE 1864-1, PageID #66123. The district court refused to allow such process. *See* Pet. Ex. E. at 40. Besides Michigan's unsworn speculation (Mich.

---

[2] *Available at* https://www.freep.com/story/news/local/michigan/flint-water-crisis/2021/07/01/dispute-heats-up-over-off-record-meetings-flint-water-lawsuit/7820563002/.

Resp. 9-11), the respondents do not quarrel with Pitt's sworn testimony.[3] Without record support, Michigan defendants claim that the "district court (and likely all of the other settling parties) viewed Mr. Pitt's actions" as an attack on the settlement. Mich. Resp. 11.[4] But as Pitt observes, appointed counsel have an *obligation* to share discovery documents with other plaintiffs. RE 1864-1, PageID #66123 (citing RE 234).

Pitt's response to this Court explains:

> [I]t is my position that it would be in the best interests of the Class, my clients, facilitation of settlement and public assurance in the transparency of proceeding in this matter, that all future matters be conducted with a record of proceedings, allowing all counsel of record, including Objectors, to be apprised of matters that may be construed as impacting their clients.

Pitt Resp. 2. Sunlight remains the best disinfectant. L. Brandeis, OTHER PEOPLE'S MONEY 62 (1933).

---

[3] The district court mentions the Pitt filing only to argue that it does not contend "any objection was addressed in any way." District Court Resp. 2. Nonetheless, Pitt confirms that, as Petitioners alleged, the hearings concerned the petitioners.. RE 1864-1, PageID #66122 (attorney Washington's possession of disputed transcript).

[4] The "action" in question consists of sharing a transcript, which is discussed extensively by non-settling defendants in a bellwether case. Dkt. 5:17-cv-10164-JEL, RE 343 (motion to exclude testimony of Aaron Specht). Petitioners find it manifestly offensive that the LAN and Veolia corporations know more about technology used to irradiate thousands of Flint residents than those residents themselves.

## II.    District courts lack authority to hold *ex parte* meetings to discuss substantive matters.

Both Liaison Counsel and Michigan argue that the unrecorded conferences that excluded objectors' counsel were not *ex parte* because counsel for all settling parties were present. Liaison Resp. 8; Mich. Resp. 7-8. Not so. Pet. 18. Rules 23(e) and (h) afford class members the right of objection and Rule 23(c)(2)(B)(iv) afford them the right to "enter an appearance through an attorney if the member so desires." *Cf. also In re Cmty. Bank of N. Va. & Guar. Nat'l Bank of Tallahassee Second Mortg. Loan Litig.*, 418 F.3d 277, 319 (3d Cir. 2005) (rejecting district court determination that would "essentially eviscerate this right"). To "appear" means "coming into court as a party or interested person." *Appearance*, BLACK'S LAW DICTIONARY (11th ed. 2019).

*Devlin v. Scardelletti* confirms this right to attain party status. Pet. 2, 19, 28-29. Certain respondents would erode *Devlin* into a decision about the bare right to appeal. Liaison Resp. 11; Mich. Resp. 14. A right of appeal without a right to an underlying fair objection process would be passing strange. It would give objectors a tool to build a roof without the tool to build a foundation. Unsurprisingly then, *Devlin* says no such thing. Rather, it says: "**Just as** class action procedure allows nonnamed class members to object to a settlement at the fairness hearing without first intervening, it should **similarly** allow them to appeal the District Court's decision to disregard their objections." *Devlin*, 536 U.S. 1, 14 (2002) (internal citation omitted and emphasis added). *Devlin* does not say that petitioners interests are aligned with the named representatives "until" the settlement "is approved over petitioner's objections." *Contra* Mich. Resp. 14. As *Pampers* explains, the financial interests of the class and their representatives,

including counsel, diverge even before the settlement is approved. 724 F.3d 713, 718 (6th Cir. 2013); *see also In re GM Trucks*, 55 F.3d 768, 820 (3d Cir. 1995). That's why courts cannot properly defer to the assessment and recommendation of the settling parties. Brian Wolfman, *Judges! Stop Deferring to Class Action Lawyers*, 2 U. MICH. J. L. REFORM 80, 82 (2013). And so Michigan defendants are diametrically mistaken when they say "settling parties" were "the group that was relevant to and adversarial on the issue of Mr. Pitt's commitment to the settlement." Mich. Resp. 10. The objectors were adversarial parties on that issue. *Compare* RE 1864-1, PageID #66130 (March 19 Pitt letter about "accessibility of the bone scan site") *with* RE 1534 (similar Chapman objection).

*Devlin* thus contemplates that absent class members are parties for the purpose of "pursuing **and** appealing their objections." Pet. 19 (emphasis added). By hollowing out the foundation of *Devlin*, Liaison Counsel and Michigan would have this Court split with the Seventh Circuit's well-reasoned interpretation of *Devlin. See Pearson v. Target Corp.*, 893 F.3d 980, 984 (7th Cir. 2018). But this Circuit has already signaled that it would agree with the Seventh when it suggested that class members should have an opportunity "to participate meaningfully in the process contemplated by Federal Rule of Civil Procedure 23(e)." *Shane Group, Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 309 (6th Cir. 2016) (Kethledge, J.). As in *Shane Group*, the "objection process" below is "seriously malfunction[ing]" and in need of this Court's direction. *Id.*

Liaison counsel's citations cannot support their restrictive reading of *Devlin.* Liaison Resp. 12. *Day v. Persels* held that absent class members are not parties for the

purpose of obtaining consent to magistrate judge referrals under 28 U.S.C. § 636(c). That holding fits well within the framework proposed by petitioners: from the time that they file their appearance, objecting class members are parties for the purpose of pursuing their objections, engaging in related motion practice, and taking any subsequent appeals. *P.A.C.E. v. Sch. Dist. of Kan. City* is even further afield. It doesn't speak to the scope of an absentee's ability to become a "party" under *Devlin*; it simply dismissed an appeal because absent class members had attempted to take a direct appeal from a non-final order. 312 F.3d 341, 343 (8th Cir. 2002). Petitioners cited much more analogous case law, which does not become inapplicable simply petitioners they seek a *less* expansive remedy than might be available (recusal). *Contra* Class Plaintiffs' Resp. 4.[5]

Upon recognizing the petitioners to be parties, the substantive *ex parte* conferences of March 1, May 3, and May 10, clearly present themselves as improper. *See* Class Plaintiffs' Resp. 5 n.9 (observing the line between ministerial and substantive matters *without* suggestions these conferences were ministerial).

Liaison Counsel and Michigan both brandish Rule 77(b), but again, that speaks to holding proceedings in chambers rather than in public, not to the propriety of *ex parte* communications. *Compare* Liaison Resp. 9-10, *and* Mich. Resp. 7-8, *with* Pet. 16.

---

[5] Although the *ex parte* meeting in *Community Bank* did exclude all attorneys other than class counsel, it does not follow that the objectors' absence was irrelevant to whether it was *ex parte*. *Contra* Liaison Resp. 18-19. The Court reasoned from the fact that "counsel for the Appellants [*i.e.* the objectors] were not present." 418 F.3d 277, 319 (3d Cir. 2005).

By holding *ex parte* meetings on substantive matters related to the signed but opposed settlement without a compelling justification, the district court has usurped power and abused its discretion.

## III.   District courts lack authority to direct the litigation strategy of parties.

According to Liaison Counsel, petitioners haven't alleged any prejudice to their objections from the *ex parte* communications. Liaison Resp. 4. But that premise is incorrect: under Canon 3A(4), substantive *ex parte* correspondence poisons the judicial process. That constitutes prejudice. Even if a further showing were necessary, petitioners have made it by demonstrating how at these *ex parte* meetings, the district court on several occasions stepped into the role of advocate to direct the settling parties' defense of the Settlement. Pet. 23-26. Of all the respondents, only one of the two co-lead class counsel firms denies this uncomfortable fact. Class Plaintiffs' Resp. 6. But the facts, as stated in the court's order (Pet. Ex. A) and Mr. Pitt's recently-filed declaration (RE 1864-1) speak for themselves.

Liaison Counsel and the District Court suggest that petitioners forfeited this argument. Liaison Resp. 14; Dist. Ct. Resp. 1 n.1 (calling it a "puzzling issue"). It is not. The details of the court's conduct were only revealed in the course of adjudicating petitioners' motion below and only half revealed at that. *Compare* Pet. Ex. A *with* RE 1864-1. A litigant "cannot be deemed to have waived [arguments], however, that were not available at the time they could have first been made." *Boulger v. Woods*, 917 F.3d 471, 476 (6th Cir. 2019) (internal quotation omitted); *see also Ackerman v. Department of Agriculture*, 995 F.3d 528, 533 (6th Cir. 2021) (no forfeiture where the error of the

opposing party caused the delay in raising an argument); *In re Southwest Airlines Drink Voucher Litig.*, 799 F.3d 701, 714 (7th Cir. 2015) (no forfeiture where failure of class notice impelled the delay in raising an argument).

The district court's *sua sponte* advocacy for the contested settlement (and a particular interpretation of it) demonstrates the prejudice caused by its *ex parte* unrecorded conferences.

## IV.    Only through writ of mandamus can petitioners obtain relief.

Respondents claim that petitioners can obtain the relief they seek through the objection process and then on direct appeal if necessary. Liaison Resp. 2-3, 19; Class Plaintiffs' Resp. 1, 3; Mich. Resp. 1-2, 5. This argument confuses what petitioners are seeking here. They are not asking for this Court to declare that their objections are correct on the merits; *they only want relief that will enable them to obtain due process below*. Direct appeal is not an adequate alternative, as petitioners still lack a full account of what transpired in the proceedings, and the district court has provided no assurance that it will hold no more *ex parte* conferences, Pet. 27 & n.12.

Liaison Counsel and Class Plaintiffs proclaim that petitioners could have opted out as an alternative. Liaison Resp. 5; Class Plaintiffs' Resp. 4 n.8. Sure, but the possibility of opting out doesn't justify sterilizing the right of objection which petitioners  seekto protect through the writ. The right to opt out is one among many protections offered to (b)(3) classes as of right. It's "not a panacea." *Slade v Progressive Sec. Ins. Co.*, 856 F.3d 408, 415 n.3 (5th Cir. 2017). It's "no substitute for adherence to Rule 23." *Riffey v. Rauner*, 873 F.3d 558, 565 (7th Cir. 2017), *vacated on other grounds* 138 S.

Ct. 2708 (2018).[6]

A writ of mandamus is the only adequate means of providing the relief petitioners seek.

## V.    Issuance of the writ serves the rule of law and Rule 23.

Liaison Counsel and Michigan paint an Escheresque landscape of district courts holding hearings in "sports arenas" teeming with objectors, soon to be "swamp[ing]" this Court with mandamus petitions. Liaison Resp. 2, 20; Mich. Resp. 14. *Devlin* rejects a comparable, parade of horribles, and this Court should too. 536 U.S. at 13. Respondents' hyperbole ignores that petitioners' proposed rule applies only to objectors who have appeared and exercise objection rights. This is why Petitioners have not sought information relating to *ex parte* conferences before Petitioner Reynolds' February 26 objection. Further, Canon 3A(4) exempts ministerial matters; nothing prevents parties scheduling times for "a lunch break," which the district court offered as an analogy. Pet. Ex. E. at 47.

Empirically, objectors are rare and this is unlikely to change. "Objection and exclusion rates [are] miniscule; only…0.0003% object[] to the proposed settlement." Federal Trade Commission, CONSUMERS AND CLASS ACTIONS: A RETROSPECTIVE AND ANALYSIS OF SETTLEMENT CAMPAIGNS, *available at* https://www.ftc.gov/system/files/documents/reports/consumers-class-actions-

---

[6] Michigan finds it "unclear" why the Hall petitioners, who have challenged only fees, have an interest in seeking the writ. Mich. Resp. 5-6 n.1. Hall objectors explained that "bone testing and the squabbles over it appear to be motivated by attorneys' fees." RE 1736, PageID.62812-17 (joining Chapman plaintiffs' discovery motion).

retrospective-analysis-settlement-campaigns/class_action_fairness_report_0.pdf

(Sept. 2019). "[I]n most cases no objections are lodged, and the absence of objections is not properly interpreted as a signal of approval." Amanda Rose, *Cutting Class Action Agency Costs: Lessons from the Public Company*, 54 U.C. DAVIS L. REV. 337, 386 (2020). *Pampers* reversed with only a single objection. The problem of bad faith objectors, feared by *Devlin*'s dissent, 536 U.S. at 21-22, has been ameliorated by judicial decision and the 2018 Amendments to Rule 23. *See Pearson v. Target Corp.*, 968 F.3d 827 (7th Cir. 2020) (granting request to disgorge ill-gotten gains from bad faith objectors); Fed. R. Civ. P. 23(e)(5)(B) (requiring court approval before side payments can be made to objectors). Ironically, if objections suddenly became prevalent, *respondents'* narrow reading of *Devlin* would cause chaos in the form of intervention motions and collateral motions, for "limited benefit," undermining the purpose of *Devlin*. 536 U.S. at 13.

Although respondents do not dispute that the rule of law trumps the law's preference for settlement, they still rely on the district court's discretion "to facilitate settlement." Liaison Resp. 15-16 (citing *In re Nat'l Prescription Opiate Litig.*, 2019 WL 7482137 (6th Cir. Oct. 10, 2019)); *see also* Mich. Resp. 9-10; Class Plaintiffs' Resp. 5 n.9. But here the settlement was already inked, presented to the court, noticed to the class, objected to, and set for final approval hearing. Pet. 17. *Opiates* did not involve *ex parte* communications or directing litigants' strategy. Moreover, as this Court noted when *Opiates* returned once again, "enhancing the efficiency" of the litigation is simply not valid cause to disregard rules of procedure. 956 F.3d 838, 844 (6th Cir. 2020) (Kethledge, J.) (granting a writ). It's even less valid cause to dispense with core tenets

of due process.

## Conclusion

Petitioners respectfully request that this Court issue a writ of mandamus ordering the district court to cease holding substantive off-the-record meetings that exclude petitioners' counsel, complete the record to recount substantive unrecorded conferences since February 26, 2021, and refrain from prescribing or dictating advocacy for the settlement.

Dated:  July 2, 2021                              Respectfully submitted,


                                                  */s/  Adam E. Schulman*
                                                  Adam E. Schulman
                                                  HAMILTON LINCOLN LAW INSTITUTE
                                                  CENTER FOR CLASS ACTION FAIRNESS
                                                  1629 K Street NW, Suite 300
                                                  Washington, DC 20006
                                                  Telephone:  (610) 457-0856
                                                  Email:  adam.schulman@hlli.org

                                                  M. Frank Bednarz
                                                  HAMILTON LINCOLN LAW INSTITUTE
                                                  CENTER FOR CLASS ACTION FAIRNESS
                                                  1145 E. Hyde Park Blvd. Unit 3A
                                                  Chicago, IL 60615
                                                  Telephone:  (801) 706-2690
                                                  Email:  frank.bednarz@hlli.org

                                                  *Attorneys for Petitioners Raymond Hall,*
                                                  *Robert Hempel and Ashley Jankowiak*

Valdemar L. Washington
Washington Legal
PO Box 187
Flint, MI 48501-0187
(810) 407-6868
Val@VLWLegal.com

*Attorneys for Petitioner Dr. Lawrence A. Reynolds*


Mark R. Cuker
Cuker Law Firm, LLC
One Logan Square, Suite 1200
Philadelphia, PA 19103
(215) 531-8512
mark@cukerlaw.com

*Attorneys for Petitioner Chapman Plaintiffs*

**Certificate of Compliance with Filing Rules**

This proposed reply brief contains 3271 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f) and 6 Cir. R. 32(b)(1), as counted by Microsoft Word 2019.

This propose reply brief complies with the typeface requirements of Fed. R. App. 32(a)(5) and the type style requirements of Fed. R. App. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2019 in 14-point Garamond font.

Executed on July 2, 2021.

/s/ Adam E. Schulman
Adam E. Schulman

**Certificate of Service**

I hereby certify that on July 2, 2021 I electronically filed the foregoing proposed reply brief with the Clerk of the United States Court of Appeals for the Sixth Circuit using the CM/ECF system.

Executed on July 2, 2021.

/s/ Adam E. Schulman
Adam E. Schulman