RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 21a0154p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

_____

IN RE: RAYMOND HALL; ROBERT HEMPEL; ASHLEY JANKOWIAK; LAWRENCE A. REYNOLDS; SHAMIYA CHAPMAN; DOROTHY CHAPMAN; HELEN CHAPMAN; ELIZABETH FRANKLIN; LASHONDA JONES,

*Petitioners*.

No. 21-2655

On Petition for Writ of Mandamus.

United States District Court for the Eastern District of Michigan at Ann Arbor;
No. 5:16-cv-10444—Judith E. Levy, District Judge.

Decided and Filed: July 6, 2021

Before: GRIFFIN, KETHLEDGE, and MURPHY, Circuit Judges.

_____

**COUNSEL**

_____

**ON PETITION FOR WRIT OF MANDAMUS AND SUPPLEMENTAL BRIEF:** Adam E. Schulman, HAMILTON LINCOLN LAW INSTITUTE, Washington, D.C., Valdemar L. Washington, WASHINGTON LEGAL, Flint, Michigan, Mark R. Cuker, CUKER LAW FIRM, LLC, Philadelphia, Pennsylvania, for Petitioners. **ON RESPONSE:** Hunter J. Shkolnik, NAPOLI SHKOLNIK PLLC, Hato Rey, Puerto Rico, for Individual Plaintiffs. The Honorable Judith E. Levy, UNITED STATES DISTRICT COURT, Ann Arbor, Michigan, as Amica Curiae.

_____

**ORDER**

_____

Objectors to a class action settlement in the *In re Flint Water Cases* petition for a writ of mandamus, asking this court to compel the district court: "(1) to cease holding off-the-record substantive ex parte meetings that exclude petitioners' counsel; (2) to order the participants at the March 1 and May 3 conferences to recount for the record their recollection of what transpired at those conferences; (3) to order settling parties to identify any other substantive unrecorded

conferences since February 26, 2021; and (4) to refrain from continuing to prescribe or dictate the litigation strategy of the parties in advocating for the settlement." We deny the petition.

A writ of mandamus is a "drastic and extraordinary remedy reserved for really extraordinary causes." *Cheney v. U.S. Dist. Ct. for the Dist. of Columbia*, 542 U.S. 367, 380 (2004) (internal quotation marks and citation omitted). Before a writ will issue, the petitioners "*must* show that they lack adequate alternative means to obtain the relief they seek and . . . that their right to issuance of the writ is *clear* and *indisputable*." *Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 309 (1989) (emphasis added; citations, brackets, and quotation marks omitted). If these two prerequisites are met, then we must also be satisfied that issuance of "the writ is appropriate under the circumstances." *Cheney*, 542 U.S. at 381.

Petitioners raise serious allegations, especially as it relates to off-the-record conferences that preceded the withdrawal of class counsel's motion regarding "bone lead testing." The global settlement of these cases proposes to increase the funds available to participants who establish higher levels of lead exposure through these bone scans. Yet Dr. Lawrence Reynolds, one of the petitioners and the health advisor to the Mayor of Flint, objected to the propriety of this testing. Other petitioners objected that the testing has not been made equally available to all participants. Soon after Dr. Reynolds filed his objection, class counsel, including Michael Pitt, moved to suspend the testing. If one takes the petition's allegations at face value, the district court held an off-the-record conference without objectors, at which it told Pitt that he would have to withdraw as class counsel if he pursued this motion. Although Pitt claims the motion was in the best interests of the absent class members, the court allegedly indicated that it was inconsistent with the settlement.

Respectfully, courts do not typically tell counsel which positions they must take. Rather, "[i]n our adversarial system of adjudication, we follow the principle of party presentation." *United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1579 (2020). And courts must diligently ensure that class counsel places the interests of the absent class members over the interests in achieving settlement—not the other way around. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 309 (6th Cir. 2016). But despite the seriousness of these allegations,

petitioners still must show that mandamus is the appropriate remedy. They have not carried that burden.

The district court has not approved the settlement agreement and petitioners' objections remain pending before the district court. If the district court overrules their objections, and if the petitioners believe this decision was because of some impropriety that the district court has committed or will commit, they will have an avenue of relief that suffices for nearly all litigants: a direct appeal. *See Devlin v. Scardelletti*, 536 U.S. 1, 14 (2002); *Kelly v. Great Seneca Fin. Corp.*, 447 F.3d 944, 951 (6th Cir. 2006). This readily available alternative means of relief dooms petitioners' request for a writ.

Petitioners have also failed to show "a clear and indisputable right" to the relief they seek. They claim a right to attend meetings held by the district court. They premise their argument on their alleged status as parties to the action, which they contend means that any proceeding they do not attend is *ex parte*. However, nonnamed class members (like petitioners) are "parties for some purposes and not for others." *Devlin*, 536 U.S. at 9–10. An objector's party-status is not an "absolute characteristic, but rather a conclusion about the applicability of various procedural rules that may differ based on context." *Id*. at 10. Petitioners have failed to show that objectors indisputably qualify as "parties" for the purposes of pre-judgment conferences. The cases that they cite for this proposition stand for nothing more than that nonnamed objectors are considered parties to a class-action judgment and therefore can file an appeal or a motion under Rule 60(b). *See id*. at 14; *Pearson v. Target Corp*., 893 F.3d 980, 984 (7th Cir. 2018). No judgment affecting objectors has entered, so they are not clearly and indisputably "parties" under the cases they cite.

Moreover, petitioners' broad argument that a nonnamed class member generally "is a party to the class-action litigation *before the class is certified*," is—to use the Supreme Court's words—"surely erroneous." *Smith v. Bayer Corp*, 564 U.S. 299, 313 (2011) (quoting *Devlin*, 536 U.S. at 16 n.1 (Scalia, J., dissenting)). Requiring district courts to invite unnamed class members and individual attorneys to every proceeding risks the efficiency interests that class actions are meant to promote. *See Gen. Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 159 (1982). This is why district courts appoint interim lead and liaison counsel to represent the

class's interests in pre-judgment proceedings.  Manual for Complex Litigation, § 10.22 (4th ed. 2004).  Otherwise, district courts would face the logistical nightmare of innumerable attorneys attending even the most minor scheduling conference.

And even if one could raise colorable arguments why petitioners' request for an invitation to certain conferences is reasonable, this claimed right is not clear and indisputable given the fluid nature of an objector's party-status and the lack of any existing authority that recognizes or supports it.  Thus, petitioners have not shown a clear and indisputable right to the relief they seek, which requires denying their request for a writ.

As to petitioners' complaint that the district court allegedly directed the litigation strategy of class counsel by pressuring him to withdraw the motion, they request only that we order the district court to "refrain from continuing to prescribe or dictate the litigation strategy of the parties in advocating for the settlement."  But the record currently before us on this point is disputed, and the district court's account of this interaction does not show any coercion.  According to the court, Pitt "certainly . . . could have requested that the subject be heard at the next status conference" without jeopardizing his appointment as class counsel.  Given this factual uncertainty, it is not "clear and undisputable" that petitioners are entitled to the relief they request.  And to the extent that petitioners ask us to remind the district court of the judiciary's proper role, its order makes clear that it is aware of its ethical obligations.

The other circumstances of this case also do not merit the extraordinary relief requested.  As of now, petitioners raise only speculative threats.  The only alleged threat they face is that "the district court *could* hold more ex parte hearings with settling counsel, and *could* continue to instruct them in the defense of the contested motions for approval of settlement and attorneys' fees."  The record reveals no reason to believe that the district court presently intends to take such action.  Moreover, regardless of what the district court does in the meantime or what *could* occur at meetings that *might* happen, petitioners will have their day in court.  The district court plans to hear from them at least twice during the three-day fairness hearing, where they can express their views, hear from their opponents, and submit the merits of their arguments to the court.  And if something improper happens before then, objectors can vindicate whatever rights they have on direct appeal.

Our denial of the petition for a writ of mandamus should not be mistaken for anything other than what it is: a ruling that the "extraordinary remedy" of mandamus is not the proper route by which to air the serious concerns that the petition raises. *See United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 444 F.3d 462, 472 (6th Cir. 2006) (citation omitted). This denial means only that the upcoming fairness hearing is the venue to litigate those concerns—with any later appeal taken to this court in the ordinary course. *See Devlin*, 536 U.S. at 10.

The petition for a writ of mandamus is DENIED.

                                                         ENTERED BY ORDER OF THE COURT

                                                         Deborah S. Hunt, Clerk