RECEIVED
07/03/2021
DEBORAH S. HUNT, Clerk

# IN THE 6th CIRCUIT COURT OF APPEALS

## Mandamus # 21-2655

{proposed intervenor} - Disabled concerned Flint Resident, Melvin Jones Jr..
1935 Hosler St.
Flint, Michigan 48503
Ph # 810-962-6225
Email: meljonesjr@gmail.com

Jones' **MOTION FOR RECONSIDERATION to INTERVENE** in effort to AID the Honorable 6th Circuit in its decision here --- whereby the "off the record" ZOOM 'secret meeting(s)' which are the subject of the instant Mandamus is OBTAINED from the ZOOM platform provider (e.g. via COURT ORDER).

I, Melvin Jones Jr., respectfully (i.e. AFTER conversations with my informal care-giver, Colleen Connors)..... That.... It appears per the attached news article,

*"**After the Reynolds objection and other public statements casting doubt on the safety of the tests, class counsel from Cohen Milstein Sellers & Toll and Pitt McGehee Palmer Bonanni & Rivers filed a March 1 motion to suspend testing with the portable device. The judge immediately convened a Zoom conference, attended by class counsel and defense lawyers from the Michigan AG's office. (They did not respond to a request for comment.) After the conference, part of which was off the record, class counsel withdrew the motion to suspend testing."***

**Here, literally.... The "judicial machinery itself" and Public Trust of the Federal Court itself, NOT TO**

**MENTION the _attorneys who_ have appeared and GIVEN WHAT IS EQUIVELENT TO "sworn testimony" due to their (supposed) TRUSTED POSITION OF OFFICERS-OF-THE-COURT…..which then seems to me (i.e. as a disabled Pro Se [proposed intervenor] it is NOW a MUST that the Honorable 6th Circuit Court of Appeals OBTAIN THE ACTUAL ZOOM ("off the record") "secret" conference, for lack of a better term.**

    **Which is to say…. It SHOULD NOT be too difficult for the 6th Circuit**

Court of Appeals to obtain such….
Especially with a COURT ORDER !!!

Respectfully Submitted,

July  3 , 2021

Sincerely,

_____

Disabled Pro Se Concerned Flint Resident Melvin Jones Jr.

Welcome to Reuters Legal News beta. Please enjoy and provide us with your feedback as we continue to improve the Reuters Legal News experience.

  Sign In

| Commentary | On the Case by Alison Frankel |

June 29, 2021 8:55 PM EDT Last Updated 3 days ago

 Environment | Health | Litigation | Class Actions & Multi-District Li

# 6th Circuit to probe if Flint MDL judge pushed too hard on $643M settlement

Alison Frankel                                                                                       6 minute read

   

Feedback





The Flint Water Plant tower is seen in Flint, Michigan, U.S. on February 7, 2016. REUTERS/Rebecca Cook/File Photo

**Companies**

**RIM Publications, LLC**

See all

The company and law firm names shown above are generated automatically based on the text of the article. We are improving this feature as we continue to test and develop in beta. We welcome feedback, which you can provide using the feedback tab on the right of the page.

(Reuters) - What are the bounds of discretion for a federal judge presiding over an enormous proposed mass torts settlement? Can she hold off-the-record conferences to quell controversies without notifying objectors? What if she uses those off-the-record meetings to direct plaintiffs' strategy?

The 6th U.S. Circuit Court of Appeals apparently intends to investigate these questions in multidistrict litigation arising from the Flint water crisis. On Friday, three sets of objectors to a proposed $643.25 million settlement with Michigan state government defendants filed a **mandamus petition** accusing U.S. District Judge Judith Levy of Ann Arbor of convening two unannounced, ex parte conferences to repair divisions among class counsel, then directing plaintiffs' lawyers to shore up the settlement with public filings.

The mandamus petition, filed by Washington Legal, the Cuker Law Firm and the Hamilton Lincoln Law Institute, argued that the judge abdicated neutrality and, in essence, became an advocate for settlement, which has **received preliminary approval** but has also attracted **significant resistance** from objectors.

On Monday evening, 6th Circuit judges Richard Griffin, Raymond Kethledge and Eric Murphy invited Levy to file a response to the petition by July 1. The appellate judges **ordered a July 1 response** from lead and liaison plaintiffs' counsel and from the Michigan defendants.

Levy's case manager, William Barkholz, declined on the judge's behalf to comment on the petition or the 6th Circuit order. He referred me to Levy's **June 16 decision** denying **objectors' motion** to include their lawyers in all future conferences and to require the parties to provide sworn affidavits reconstructing two off-the-record conferences that objectors' counsel were not invited to attend. In that decision, as I'll explain, Levy vehemently rejected objectors' characterization of her conduct. She said she was entirely within the bounds of her discretion to call plaintiffs' and defense lawyers into her chambers to address issues unrelated to objectors' arguments.

"The court has no interest in 'secret meetings' or clandestine activities of any sort," she wrote in the June 16 decision.

Liaison counsel Hunter Shkolnik of Napoli Shkolnik also denied objectors' central allegation that the judge stepped out of bounds to keep the settlement on track. "The objectors who filed this writ have a secret agenda to undermine class actions," Shkolnik said by email. "They are using this writ as a tool to attack Judge Levy, who has followed standard mass litigation practice."

Feedback

Frank Bednarz of the Hamilton Lincoln Law Institute said the 6th Circuit petition is the first time his class action watchdog group has sought mandamus. Levy, he said in an email, discussed objections to the settlement during private, off-the-record hearings – and objectors don't know whether other substantive hearings may have taken place without their participation. "We asked that this not happen again without notice to us, and the court denied our motion," Bednarz said. "We're pleased that the 6th Circuit is investigating and look forward to a fair resolution."

The petition recounts a controversy that began in February when Lawrence Reynolds, a pediatrician and member of the Flint Water Advisory Task Force, filed an objection challenging the safety of bone tests with portable radiation devices. The tests have

become a matter of contention in the settlement because slated payouts are significantly bigger to Flint residents with elevated test results, but only a relatively small percentage of residents have been tested.

After the Reynolds objection and other public statements casting doubt on the safety of the tests, class counsel from Cohen Milstein Sellers & Toll and Pitt McGehee Palmer Bonanni & Rivers filed a March 1 motion to suspend testing with the portable device. The judge immediately convened a Zoom conference, attended by class counsel and defense lawyers from the Michigan AG's office. (They did not respond to a request for comment.) After the conference, part of which was off the record, class counsel withdrew the motion to suspend testing.

Levy had another off-the-record conference in May after finding out that one of the plaintiffs' lead counsel had provided sealed deposition testimony to counsel for some objectors. According to the judge, she held the meeting to determine whether class counsel still supported the settlement and wanted to remain in his role. When he said he did, the judge instructed him to confirm his commitment to the deal and the controversial bone tests in writing. Those letters were entered in the public docket.

Objectors contend in their mandamus petition that the judge effectively forced class counsel to endorse the settlement – and did so without allowing objectors' lawyers any say. "The essential characteristics of American courts — transparency, due process, and adversarial proceedings — are not disposable formalities," they wrote. "The court abdicated its role as a neutral administrator of justice, and instead … impelled co-lead class counsel to take specific actions in apparent defense of the proposed, but opposed, motion for settlement approval."

The judge, as I mentioned, portrayed the conferences quite differently, casting them as case management proceedings that didn't address objectors' filings. Nothing in the federal rules or 6th Circuit precedent prohibits off-the-record meetings between judges and counsel, she said. In fact, according to Levy, such conferences are "common" in her circuit. Levy also disputed the objectors' description of the conferences as ex parte, arguing that plaintiffs and settling defendants remain adversaries because the settlement has not received final approval.

Feedback

"The … objectors' misinformed, unsupported, and speculative narrative aside, they have not been prejudiced … by the court's decision in this complex litigation to hold two in-chambers meetings with settlement counsel, which do not regard or have any impact on the merits of any pending motions or objection," she wrote.

The 6th Circuit has cautioned in a **2020 mandamus opinion** in the nationwide opioids litigation that even in giant cases, judicial efficiency doesn't trump standard procedures. "MDLs are not some kind of judicial border country, where the rules are few and the law rarely makes a difference," the appeals court said.

The judge who wrote that, Kethledge, is on the panel that ordered a response to the Flint objectors' petition.

(By Alison Frankel)

Read more:

**Judge gives preliminary approval to $641 million Flint, Michigan, water settlement**

**Flint residents object to 'excessive' $202 mln attorneys' fee in water settlement**

Feedback

Opinions expressed here are those of the author. Reuters News, under the Trust Principles, is committed to integrity, independence and freedom from bias.

Our Standards: **The Thomson Reuters Trust Principles.**

---

Opinions expressed are those of the author. They do not reflect the views of Reuters News, which, under the Trust Principles, is committed to integrity, independence, and freedom from bias.

7/3/2021     Gmail - Courtesy Email Service --- : # 21-2655 ---- Concerned Flint Resident, Melvin Jones Jr.'s MOTION for RECONSIDERATION to inter…

Case: 21-2655    Document: 25    Filed: 07/03/2021    Page: 10



*Proof of Service*

Mel jones jr <meljonesjr@gmail.com>

---

**Courtesy Email Service --- : # 21-2655 ---- Concerned Flint Resident, Melvin Jones Jr.'s MOTION for RECONSIDERATION to intervene (with 1-attachment thereto)**

*# 21-2655*

1 message

---

**Mel jones jr** <meljonesjr@gmail.com>                                    Sat, Jul 3, 2021 at 6:52 AM
To: mnguyen-dang@mayerbrown.com, "Cc: mel jones jr" <meljonesjr@gmail.com>, Patrick Lanciotti <PLanciotti@napolilaw.com>, Amanda Trujillo <atrujillo@cityofflint.com>, wkim@cityofflint.com, bergf@butzel.com, klein@butzel.com, Flint Mayor <mayor@cityofflint.com>, "Cc: Colleen Connors" <cmcolleen4@gmail.com>, Michigan Attorney General <miag@michigan.gov>, jmcampbell@campbell-trial-lawyers.com, bush@bsplaw.com, williams@bsplaw.com, "Alaina N." <adevine@campbell-trial-lawyers.com>, travis.gamble@faegredrinker.com, david.kent@faegredrinker.com, vance.wittie@faegredrinker.com, perickson@plunkettcooney.com, rkamenec@plunkettcooney.com, rstowers@plunkettcooney.com, Saulius <smikalonis@plunkettcooney.com>, wayne.mason@faegredrinker.com, Blessedami97@yahoo.com, mel jones <meljr777@yahoo.com>, ctaylor@jonesday.com, lpgabel@jonesday.com, melindetroit <melindetroit@gmail.com>, Complaints Office 05 <ComplaintsOffice05@hud.gov>, tleopold@cohenmilstein.com, smorrissey@susmangodfrey.com, mpitt@pittlawpc.com, pnovak@weitzlux.com, tbingman@tbingmanlaw.com, eberezofsky@eblawllc.com, Val@vlwlegal.com, robinsonr11 <robinsonr11@michigan.gov>, "King-Piepenbrok, Pier (AG)" <KingP1@michigan.gov>, ted.frank@hlli.org, frank.bednarz@hlli.org, "Stern, Corey" <cstern@levylaw.com>
Cc: Colleen Connors <cmcolleen4@gmail.com>, mel jones jr <meljonesjr@gmail.com>

## ### EMAIL (proof of Service) ####
## as to Mandamus # 21-2655:

July 3rd, 2021

To ALL Parties:
Please take notice of my (i.e. Melvin Jones Jr.'s) **motion for reconsideration to INTERVENE and one-attachment thereto.... as to MANDAMUS # 21-2655.**

Thank you,

/s/ *Melvin Jones Jr.*     7.3.2021

7/3/2021 Gmail - Courtesy Email Service: # 21-2655 ... concerned Flint Resident, Melvin Jones Jr.'s MOTION for RECONSIDERATION to inter…

Case: 21-2655 Document: 25 Filed: 07/03/2021 Page: 11

# Melvin Jones Jr. - disabled concerned Flint Resident (proposed intervenor)

**2 attachments**

 **Motion for Reconsideration to Intervene.pdf**
119K

 **motion for reconsideration support document.pdf**
1446K